SUMMONS ISSUED

FILED
CLERK

2012 JUL 31 PM 1: 19

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LESLIE MCDONALD,

Plaintiff,

**COMPLAINT**

-against-

**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, P.O. KE... ...ERMAN and
P.O. JASON BARR, individually and ... ... official
capacities,

CV 12 - 3778 BLOCK, J.

GO. M.J.

Defendants.

------------------------------------------------------------X

Plaintiff LESLIE MCDONALD, by his attorney, ROSE M. WEBER, complaining of the

defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. § § 1331 and 1343.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff LESLIE MCDONALD is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O. KEVIN ISERNIA and P.O. JASON BARR were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

### INCIDENT FACTS

13.     On January 10, 2012, at approximately 6:15 p.m., plaintiff LESLIE MCDONALD was lawfully present in front of a restaurant located at 108-26 Guy R. Brewer Boulevard, in the County of Queens, in the City and State of New York.

14.     At aforesaid time and place, plaintiff LESLIE MCDONALD finished drinking a soda and threw the empty container into a trash receptacle.

15.     Plaintiff LESLIE MCDONALD did not possess or discard marijuana or any other unlawful substance.

16.     Plaintiff LESLIE MCDONALD did not behave in a manner that would suggest to any reasonable police officer that plaintiff possessed or discarded marijuana or any other unlawful substance.

17.     Nonetheless, plaintiff LESLIE MCDONALD was suddenly accosted by defendants P.O. KEVIN ISERNIA and P.O. JASON BARR, who accused him of having thrown marijuana into the trash receptacle.

18.     Defendants handcuffed plaintiff LESLIE MCDONALD more tightly and violently than is authorized or required by proper NYPD procedure.

19.     Plaintiff LESLIE MCDONALD repeatedly advised defendants that the handcuffs were too tight and were causing him pain.

20.     Defendants refused to remove or adjust the handcuffs.

## MONELL FACTS

30.    Both before and after the arrest of plaintiff LESLIE MCDONALD, a custom and practice of lawlessness and corruption pervaded Queens and Brooklyn narcotics operations.

31.    As a direct result of this custom and practice, defendants in the instant matter felt free to arrest plaintiff LESLIE MCDONALD without probable cause and to manufacture evidence against him.

32.    This custom and practice was first exposed in January of 2008, when four officers from Brooklyn South Narcotics were arrested and charged with criminal offenses.

33.    The on-going custom and practice in Queens and Brooklyn was confirmed in October of 2011 in sworn testimony by former NYPD officer Steven Anderson.

34.    Upon information and belief, because of the custom and practice of corruption and lawlessness in Queens and Brooklyn, approximately 400 criminal prosecutions had to be dismissed by the Queens County and Kings County District Attorney's Offices.

35.    Both before and after the arrest of plaintiff LESLIE MCDONALD, NYPD officers were subject to "productivity goals" (i.e., arrest quotas).

36.    The existence of quotas may be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals," from the information provided by police officers Adrian Schoolcraft and Adil Polanco, and from audiotapes secretly recorded at the 81st Precinct in September 2010.

37.    Upon information and belief, as a direct result of these quotas, defendants in the instant matter felt pressure to arrest plaintiff LESLIE MCDONALD without probable cause and to manufacture evidence against him.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

40.     All of the aforementioned acts deprived plaintiff LESLIE MCDONALD of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

42.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.   As a result of the aforesaid conduct by defendants, plaintiff LESLIE MCDONALD was subjected to illegal, improper and false arrests by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

46.   As a result of the foregoing, plaintiff LESLIE MCDONALD's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

47.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.   Each and every individual defendant had an affirmative duty to intervene on plaintiff LESLIE MCDONALD's behalf to prevent the violation of his constitutional rights.

49.   The individual defendants failed to intervene on plaintiff LESLIE MCDONALD's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

50.   As a result of the aforementioned conduct of the individual defendants, plaintiff LESLIE MCDONALD's constitutional rights were violated and he was subjected to excessive force, false arrest, and malicious prosecution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

51.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.   Defendants misrepresented and falsified evidence before the District Attorney.

53.    Defendants did not make a complete and full statement of facts to the District Attorney.

54.    Defendants withheld exculpatory evidence from the District Attorney.

55.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff LESLIE MCDONALD.

56.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff LESLIE MCDONALD.

57.    Defendants acted with malice in initiating criminal proceedings against plaintiff LESLIE MCDONALD.

58.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff LESLIE MCDONALD.

59.    Defendants lacked probable cause to continue criminal proceedings against plaintiff LESLIE MCDONALD.

60.    Defendants acted with malice in continuing criminal proceedings against plaintiff LESLIE MCDONALD.

61.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

62.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff LESLIE MCDONALD's favor on April 16, 2012, when all charges against him were dismissed.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

63.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants issued legal process to place plaintiff LESLIE MCDONALD under arrest.

65.     Defendants arrested plaintiff LESLIE MCDONALD in order to obtain a collateral objective outside the legitimate ends of the legal process.

66.     Defendants acted with intent to do harm to plaintiff LESLIE MCDONALD without excuse or justification.

**SIXTH CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff LESLIE MCDONALD's constitutional rights.

69.     As a result of the aforementioned conduct of defendants, plaintiff LESLIE MCDONALD was subjected to excessive force and sustained physical injuries.

**SEVENTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendants created false evidence against plaintiff LESLIE MCDONALD.

72.     Defendants forwarded false evidence to prosecutors in the Queens County District Attorney's Office.

73.     Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

74.     In creating and forwarding false information to prosecutors, defendants violated plaintiff LESLIE MCDONALD's constitutional right to a fair trial under the Sixth Amendment and under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### EIGHTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants arrested and incarcerated plaintiff LESLIE MCDONALD in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

77.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

78.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

79.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    a)     wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

b)     manufacturing evidence against individuals allegedly involved in drug transactions; and

c)     arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

80.     The existence of the aforesaid unconstitutional customs and policies may be inferred, *inter alia*, from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139;

- **Mike Rivera v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4555;

- **Haile Dabreo v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4698;

- **Moses Boyd v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4457; and

- **Jose Colon v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0008.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff LESLIE MCDONALD.

82.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LESLIE MCDONALD as alleged herein.

83.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff LESLIE MCDONALD as alleged herein.

84.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff LESLIE MCDONALD was falsely arrested and incarcerated, and maliciously prosecuted.

85.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff LESLIE MCDONALD.

86.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff LESLIE MCDONALD's constitutional rights.

87.     All of the foregoing acts by defendants deprived plaintiff LESLIE MCDONALD of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

  B.  To be free from seizure and arrest not based upon probable cause;

  C.  Not to have excessive force imposed upon him;

  D.  To be free from unwarranted and malicious criminal prosecution;

  E.  To be free from malicious abuse of process;

  F.  Not to have cruel and unusual punishment imposed upon him; and

  G.  To receive equal protection under the law.

88.  As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

  **WHEREFORE**, plaintiff LESLIE MCDONALD demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
     July 28, 2012

                    _Rose M. Weber_
                    ROSE M. WEBER (RW 0515)
                    225 Broadway, Suite 1607
                    New York, NY 10007
                    (212) 748-3355